UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Huizhou Wokeer Electronic Technology Co., Ltd., *Plaintiff*, v. Kenashii LLC, *Defendants*. | CASE NO. Jury Demand |

## COMPLAINT

NOW COMES Plaintiff Huizhou Wokeer Electronic Technology Co., Ltd. ("Wokeer" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Kenashii LLC ("Kenashii" or "Defendant"), seeking a declaratory judgment of noninfringement of trademark and trademark invalidity, alleges as follows:

### NATURE OF THE ACTION

1. This claim arises under the Declaratory Judgment Act under 28 U.S.C. §2201 and 2202 and the Lanham Act, codified at 15 U.S.C. §1114, *inter alia*. A controversy exists between the parties as to alleged infringement of trademarks.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), § 1338(a) and (b) (action arising under an Act of Congress relating to trademarks), and §2201 and §2202 (Declaratory Judgment Act).

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least its website, kenashii.com, and Amazon store. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating the fully interactive e-commerce stores that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and, on information and belief, has sold products to residents of Illinois. Defendant is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## THE PARTIES

4. Plaintiff is a limited company organized and existing under the laws of the People's Republic of China, having its principal place of business located at Left Bank, Chang'an S Rd, Huiyang, Rm 03, 2nd Fl, Bldg 8, Spring Garden, Huizhou, China.

5. Upon information and belief, at all times relevant, Defendant is a limited liability company organized and existing under the laws of Wyoming, with a principal place of business at 1309 Coffeen Avenue, Ste 1200, Sheridan, WY 82801. Upon information and belief, Defendant operate under or through the account name "Chromatek Ltd" on Amazon.com.

## PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS

6. Plaintiff currently owns the U.S. trademark application "WOKAAR", U.S. Trademark Application Serial Number 98392859 (referred hereafter as the "WOKAAR Mark"), for depilatory preparations and substances; depilatory wax; hair wax; massage waxes; moustache wax, under the international class 003. *See* **Exhibit 1**.

7. Plaintiff has been engaged in the design, distribution, and sale of various facial wax, nose wax, ear wax, and hair removal products on an international basis, including within the United States, under the Wokaar Mark.

2

8. Plaintiff has spent considerable resources growing its brand. Plaintiff's products are popular in the market, and its trademark is recognized by consumers. Its Amazon store has received 100% positive feedback from customers in the last 12 months, as shown below.



**DEFENDANT'S BUSINESS AND UNLAWFUL ACTIVITIES**

9. On information and belief, Defendant sells and offers for sales its nose wax and nose waxing kits under its brand, Kenashii.

10. On information and belief, Defendant currently owns the following U.S. trademark "KENASHII," "WAX THAT NOSE BEARD," and "NOSE BEARD." ("Defendants trademarks") *See* **Exhibit 2**.

| Trademarks | Reg. No. | Class and Goods |
|---|---|---|
| KENASHII | 5542687 | IC 003, Wax for removing body hair |
| WAX THAT NOSE BEARD | 7084290 | IC 003, depilatories; depilatory preparations; depilatory preparations and substances; depilatory wax; wax for removing body hair; wax strips for removing body hair |
| NOSE BEARD | 98166200 (Serial Number) | IC 003, depilatories; depilatory preparations; depilatory preparations and substances; depilatory wax; wax for removing body hair; wax strips for removing body hair |

11. On or about August 14, 2024, Plaintiff received a notification from Amazon indicating that its Amazon product listings were at risk of deactivation due to due to a complaint lodged by Defendant. In Defendant's complaint, Defendant accused Plaintiff's products of infringed on Defendant's trademarks, specifically alleging that Plaintiff has "taken inspiration from [Defendant's] branding, mirroring their artwork and adopting a slogan that is almost identical to [Defendant's] trademark," despite the clear absence confusion between the marks. *See* **Exhibit 3.**

3

12. As a result of Defendant's complaint, Plaintiff's product listings were removed from Amazon, and its account was restrained.

13. Defendant's complaint to Amazon is baseless and unlawful, and constitutes false and unfair competition, as Plaintiff's products do not infringe any of Defendant's trademarks.

14. Plaintiff has sustained damage due to Defendant's unlawful actions.

**COUNT I - Declaratory Judgment of Noninfringement of Trademarks**

15. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

16. Likelihood of confusion is an essential element of claims brought pursuant to 15 U.S.C. § 1114(1), which Defendant must establish in order to succeed on a claim brought pursuant to those sections or under analogous state law.

17. Plaintiff denies that its products are likely to mislead or cause confusion with respect to any of Defendant's trademarks among relevant consumers as to source or origin, or otherwise suggest that the two companies or their products or services are associated, affiliated, or connecter with one another. Plaintiff further denies that its products is causing or has caused Defendant harm in the United States.

18. Notably, although Defendant trademarks contain the words "wax," "nose," and "beard," Plaintiff employs the words and phrases "wax," "nose," "nose wax," "nasal wax" "nose wax kits" and "beard" fairly in a descriptive capacity, relating to the features of its nose wax product. The use of these terms by Plaintiff is both fair and in good faith.

19. Importantly, on all product packaging and online product listings, Plaintiff's mark "WOKAAR" is displayed most prominently, distinctly identifying the brand and source, as shown below, minimizing any risk of confusion.

4



20. As an actual justiciable controversy exists by way of the credible threat of a lawsuit and potential infringement complaint against Plaintiff in light of Defendant's marks, Plaintiff requests this Court to issue a declaratory judgment finding that it has not infringed, is not currently infringing, and is not liable for any alleged infringement of Defendant's trademarks.

**COUNT II – Declaratory Judgment of Trademark Invalidity**

21. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

22. The phrase "nose beard" is inherently generic and lacks any distinctiveness required under trademark law. Moreover, it has not acquired any secondary meaning to justify exclusive trademark protection. Granting Defendant exclusive rights to the generic term "nose beard," especially without any disclaimer, would unfairly disadvantage competitors, including Plaintiff, leading to a significant non-reputation-related disadvantage and result an impermissible monopoly and unfair competitive advantage to that company.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

1) Judgment in Plaintiff's favor on each count;
2) A declaration from the Court that Plaintiff's products do not and are not likely to cause confusion as to source with Defendant's trademarks or any alleged common law rights.
3) A declaration from the Court that the trademark "nose beard" is invalid.
4) An injunction stating that Defendant is prohibited from claiming exclusive rights to use nose wax products on Amazon.com or in any other context, and from taking any actions to impede on Plaintiff's ability to use words and phrases, including but not limited to "wax," "nose," "nose wax," "nasal wax" "nose wax kits" and "beard", in a descriptive capacity, relating to nose wax products.
5) An order requiring Defendant to retract its complaint or notice of infringement to Amazon.com so that Plaintiff's listings can be reinstated.
6) Award damage including punitive damages.
7) Award reasonable attorneys' fees and the costs of suit.
8) Such other relief as the Court deems just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: 8/28/2024 | /s/ He Cheng |
| | He Cheng |
| | Palmer Law Group, P.A. |
| | 5353 N. Federal Highway, Suite 402 |
| | Fort Lauderdale, FL 33308 |
| | Tel: +1 (917) 525-1495 |
| | ***Attorney for Plaintiff*** |